# In the United States Court of Federal Claims

No. 22-198
(Filed: August 24, 2022)

```
**************************************
                                      *
IVAN RAY BEGAY,                       *
                                      *
              Plaintiff,              *
                                      *
      v.                              *
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
                                      *
**************************************
```

## ORDER OF DISMISSAL

Plaintiff Ivan Ray Begay ("Plaintiff"), proceeding pro se, alleges that the Government ("Defendant") committed torts and engaged in criminal misconduct against him during an investigation over 20 years ago. See generally Compl. Plaintiff seeks injunctive relief including imposition of criminal charges against Government personnel involved in his case, access to evidence from the investigation underlying his conviction, and money damages of $5 million. Id. at 5, 9. On April 18, 2022, Defendant filed a Motion to Dismiss for lack of subject-matter jurisdiction. ECF No. 8 at 1-2. On May 9, 2022, Plaintiff filed a response. ECF No. 9. For the reasons stated below, this Court **GRANTS** Defendant's Motion to Dismiss.

## Background

In June 2001, Plaintiff pled guilty to eight charges of aggravated sexual abuse stemming from the violent rape of his former girlfriend and her cousin near Burnside, Arizona on November 10, 2000. See Begay v. United States, No. 20-1433C, 2020 WL 6689093 (Fed. Cl. Nov. 12, 2020). In 2020, Plaintiff filed a Complaint with this Court alleging that widespread

1

Government misconduct and corruption tainted the investigation in 2000 culminating in his imprisonment.  Id.  The Court dismissed the 2020 Complaint for lack of subject-matter jurisdiction because Plaintiff did not allege a source of substantive law creating a right to money damages.  Id.  Now, Plaintiff files an additional Complaint similarly alleging that the Government agents investigating his original criminal case committed a variety of wrongs including "attempted manslaughter / murder," "desecration / spoliation of evidence," "assault," "theft of property," and "torture tactics."  See Compl. at 5-7.

## Discussion

The filings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers."  Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence.  Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).  The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking.  Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007).

Plaintiff's claims that Government agents committed "attempted manslaughter / murder," "desecration / spoliation of evidence," "assault," "theft of property," and "torture tactics" allege tortious and criminal conduct which are outside this Court's jurisdiction.  See 28 U.S.C. § 1491(a); Keene Corp. v. United States, 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims . . . ."); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997)).  This Court also lacks jurisdiction over criminal matters.  Joshua v. United States, 17 F.3d 378, 379 (Fed. Cir. 1994).

## Conclusion

Defendant's Motion to Dismiss is **GRANTED**.  The Clerk is directed to dismiss this action and enter judgment accordingly.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**